UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PERRY W. ANTELMAN,  No. 05-CV-11786-WGY
    Plaintiff.

v.

BARBARA KAUSITS,
a/k/a BARBARA ANTELMAN,
    Defendant.

## DEFENDANT'S RESPONSE TO MOTION TO WITHDRAW

### 1.0 Response

1.1   Now comes Defendant, Barbara Kausits (Wife), and responds to the Motion to Withdraw filed by Plaintiff, Perry Antelman's (Husband), current counsel as follows.

1.2   Wife does not, per se, object to Attorney King and Wallace withdrawing as counsel for Husband. Wife does object to any delay of this case resulting from their withdrawal.

### 2.0 Reasoning.

2.1   A few weeks ago, the parties sought a continuance from this court because Wife had just hired new counsel who was not yet familiar with the case. It was hoped that the continuance would also give counsel the opportunity to negotiate and, perhaps, settle all outstanding matters pending in this court, the Norfolk Probate Court, the Israeli courts and others.

2.2   The court (Young, J.) denied that request and set an aggressive schedule to bring this matter to conclusion. Currently this matter is set for trial in May, 2006.

2.3   As a result of that schedule, Wife needs to obtain discovery from Husband. Currently, the parties are scheduled for ADR with Magistrate Leo Sorokin beginning tomorrow morning at 9 A.M. From there, the parties are scheduled to head to Wife's counsel's office to begin Husband's deposition.

2.4   Although reference to the ADR session is absent from Attorney King's motion, we do not believe it should be continued.

2.5   We also do not agree that Husband's deposition should be delayed.

2.6   Attorney King called to advise she would be filing this motion to withdraw. Attorney Nissenbaum informed her of our belief that this was merely a delay tactic on the part of Husband to avoid ADR, his deposition and other discovery.

2.7   Also missing from Attorney King's motion to withdraw is the fact that Husband will be out of the country beginning on or about February 27th for some three weeks. Certainly Husband will not be able to be deposed while he is out of the country.

2.8   While we recognize Husband's right to be represented by counsel of his choosing, Husband does not have the right to change counsel in an effort to create delays in the progress of the case and to prevent properly noticed discovery.

## 3.0 Conclusion.

3.1   Whether or not Husband has counsel present, the ADR scheduled for 9 A.M. on February 16, 2006 should go forward and Husband should immediately thereafter go to Wife's counsel's office to begin his deposition.

February 15, 2006

Respectfully submitted,
**Barbara Kausits** by her attorneys,
NISSENBAUM LAW OFFICES

By: _____
Gerald L. Nissenbaum, BBO #372400
Wendy J. Overbaugh, BBO #657457
160 Federal Street - 24th Floor
Boston, MA 02110
(617) 330-9090;   fax at: 6090

### Certificate of Service

I hereby certify that on this day an electronic copy of the above was served upon counsel for plaintiff at her office e-mail address as of record, followed by a hard copy being mailed to her, postage prepaid, U. S. Mail.

February 15, 2006

N:\wpwin\Kausits v. Antelman\Federal Ct - Hague Petition\respond.withdraw.wpd